# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/08/2022 12:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340,
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff, MATTHEW TREINISH*

SUPERIOR COURT OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
UNLIMITED JURISDICTION

| | |
|---|---|
| MATTHEW TREINISH, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> IFIT INC. d/b/a NORDICTRACK and DOES 1-10 Inclusive, <br><br> Defendants. | Case No. 22STCV18798 <br><br> **CLASS ACTION COMPLAINT** <br><br> (1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*); <br> (2) Breach of Warranty in Violation of Song-Beverly Consumer Warranty Act (Cal. Civil Code §§ 1790 *et seq.*); <br> (3) Breach of Implied Warranty in Violation of Song-Beverly Consumer Warranty Act (Cal. Civil Code §§ 1790 *et seq.*); <br> (4) Breach of Warranty in Violation of Magnuson-Moss Warranty Act (15 U.S.C. §§ 2310 *et seq.*); and <br> (5) Breach of Implied Warranty in Violation of Magnuson-Moss Warranty Act (15 U.S.C. §§ 2310 *et seq.*). <br><br> **(Amount to Exceed $25,000)** <br><br> **Jury Trial Demanded** |

Plaintiff MATTHEW TREINISH ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant IFIT INC. (hereinafter "Defendant") to stop Defendant's practice of selling warranties with its treadmills, which they have no intention of honoring, and to obtain redress for a class of consumers ("Class Members") who were misled by Defendants within the applicable statute of limitations period.

2. Defendants represented to consumers that a warranty would accompany the purchase of its treadmills ("the Class Products"), whereby Defendant would repair any of the Class Products for a certain period of time at no charge to consumers.

3. Warranties are of particular value to consumers because they provide a guarantee of the value of a good after it is purchased.

4. Plaintiff and other consumers similarly situated were exposed to these representations.

5. Defendants misrepresented to Plaintiff and others similarly situated by failing to disclose in either their representations or the contract itself that Defendants would not honor the warranty.

6. Defendants' misrepresentations to Plaintiff and others similarly situated induced them to purchase Defendants' Class Products.

7. Defendants took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## THE PARTIES

8. Plaintiff MATTHEW TREINISH is a citizen and resident of the State of California, County of Los Angeles.

9. Defendant IFIT INC. is a corporation that does business in California under the fictitious name NORDICTRACK, including within Los Angeles County, and is incorporated in Delaware and headquartered in Logan, Utah.

10. Plaintiff alleges, on information and belief, that Defendant's marketing campaign, as pertains to this matter, was created by Defendants and was disseminated throughout California.

11. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on their behalf, were in accordance with, and represent, the official policy of Defendant.

13. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

14. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

15. On or around October 27 of 2021 Plaintiff purchased a Commercial 2950 model treadmill from Defendant, along with in-home delivery and assembly for $3442.69.

16. Accompanying Plaintiff's purchase was a warranty that the treadmill would be "free from defects in workmanship and material, under normal use and service conditions." The treadmill frame was warranted for ten years from the date of purchase, treadmill parts were warranted for two years from the date of purchase, and labor was warranted for one year

from the date of purchase.

17. On at least three occasions, Plaintiff's treadmill came to a complete stop while he was running on it at full speed, and would not turn back on.

18. Plaintiff has contacted Defendant to have his treadmill fixed numerous times. Each time Defendant agreed to send an employee to service the treadmill, however this process took four weeks or longer each time Plaintiff's treadmill broke.

19. As a result, Plaintiff has had significant periods of time where he cannot use the treadmill which he paid valuable consideration for.

20. The repeated malfunctioning of Plaintiff's treadmill constitutes a breach of Defendant's warranty to Plaintiff.

21. Had Plaintiff known that Defendant would breach its warranty, he would not have purchased the Commercial 2950 model treadmill from Defendant.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under California Code of Civil Procedure Rule 382, et seq. and Cal. Civil Code § 1781, et seq.

23. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Class Products, and had that Class Product come to a complete stop while it was running, and would not turn back on.

24. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

25. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

26. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

27. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

28. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

29. Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would provide warranties to the Class Members, when in fact, such representations were false.

30. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendants engaged in unlawful, unfair, or deceptive business practices in advertising warranties with its products to Plaintiff and other Class Members with no intention of honoring them;

    (b) Whether Defendants made misrepresentations with respect to their warranties for their products;

    (c) Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.*, *et seq.*, California Civ. Code § 1790, *et seq.*, and 15 U.S.C. § 2310, *et seq.*;

    (d) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (e) Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (f) The method of calculation and extent of damages for Plaintiff and Class Members.

31. Plaintiff is a member of the class he seeks to represent

32. The claims of Plaintiff are not only typical of all class members, they are identical.

33. All claims of Plaintiff and the class are based on the exact same legal theories.

34. Plaintiff has no interest antagonistic to, or in conflict with, the class.

35. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was induced by Defendants' misrepresentations during the Class Period. Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

36. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

37. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of Unfair Competition Law

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

38. Plaintiff incorporates by reference each allegation set forth above.

39. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

40. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the

UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

41. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

42. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell defective treadmills in breach of its warranty with Plaintiff and Class Members. Moreover, Plaintiff and Class Members were deprived of the use of their Class Products for significant periods of time.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

43. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Defendant warranted to Plaintiff and Class Members that it would provide them with treadmills that were free from defects.  In fact, however, Defendant sold Plaintiff and Class Members treadmills which were substantially defective, in that the treadmills would shut off and come to a complete stop while in use, and would not turn back on.  Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

44. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.  Plaintiff and Class Members had no way to determine that Defendant would actually sell them defective treadmills, as evidenced by Defendant's warranty that its treadmills were in fact no defective. Plaintiff and Class Members relied on this warranty, and changed their positions by purchasing Class Products.  Defendants

failed to take reasonable steps to inform Plaintiff and class members that its treadmills were defective. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

45. Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

46. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

47. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

48. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant sold Plaintiff and Class Members defective treadmills despite warranting that its treadmills were in fact defect-free. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

49. As explained above, Defendant deceived Plaintiff and other Class Members by falsely warranting that its treadmills were defect-free.

50. Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

51. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

52. As explained above, Defendants deceived Plaintiff and other Class Members by falsely warranting that its treadmills are defect-free.

53. Such conduct constitutes breach of warranty in violation of Cal. Civ. Code § 1790. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

54. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

55. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**SECOND CAUSE OF ACTION**

**Breach of Warranty In Violation of the Song-Beverly Consumer Warranty Act**

**(Cal. Civ. Code § 1790, *Et Seq.*)**

85. Plaintiff incorporates by reference each allegation set forth above.

86. Pursuant to Cal Civ. Code. §1793.2, Plaintiff has presented the treadmill to Seller and/or other authorized service dealers of Defendant within the term of protection and has tendered the subject treadmill for the above-mentioned defects that substantially affect the use, value, and safety of the alignment.

87. Defendant, through Seller and/or other authorized dealerships, have been unable to repair said defects in a reasonable number of attempts.

88. Pursuant to Cal Civ. Code. §1793.2, Plaintiff is entitled to a refund of the full purchase price of the treadmill, including all collateral charges and finance charges, and/or a replacement treadmill, plus all attorney fees and costs.

89. Defendant has willfully violated the provisions of this act by knowing of its

obligations to refund or replace Plaintiff's treadmill, but failing to fulfill them.

## THIRD CAUSE OF ACTION

**Breach of Implied Warranty In Violation of the Song-Beverly Consumer Warranty Act**

**(Cal. Civ. Code § 1790, *Et Seq.*)**

90. Plaintiff incorporates by reference each allegation set forth above.

91. The treadmill purchased by Plaintiff was subject to an implied warranty of merchantability as defined in Cal. Civ. Code §1790 running from the Defendants to the intended consumer, Plaintiff herein.

92. Defendant is a suppliers of consumer goods as persons engaged in the business of making a consumer product directly available to Plaintiff.

93. Defendant is prohibited from disclaiming or modifying any implied warranty under Cal. Civ. Code §1790.

94. Pursuant to Cal. Civ. Code §1790, Plaintiff's treadmill was impliedly warranted to be fit for the ordinary use for which the treadmill was intended.

95. The treadmill was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the treadmill contained in the contracts and labels.

96. The above described defects in the treadmill caused it to fail to possess even the most basic degree of fitness for ordinary use.

97. As a result of the breaches of implied warranty by Defendant, Plaintiff have suffered and continue to suffer various damages.

## FOURTH CAUSE OF ACTION

**Breach of Warranty In Violation of the Magnuson-Moss Warranty Act**

**(15 U.S.C. § 2310, *Et Seq.*)**

98. Plaintiff incorporates by reference each allegation set forth above.

99. Plaintiff is a purchaser of a consumer product who received the treadmill during the duration of a written warranty period applicable to the treadmill and who is entitled by the

terms of the written warranty to enforce against Defendant the obligations of said warranty.

100. Defendant is a person engaged in the business of making a consumer product directly available to Plaintiff.

101. Defendant, i.e., seller, are an authorized dealership/agent designed to perform repairs on treadmills under Defendant's warranties.

102. The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section, 2301 et. Seq. ("Warranty Act") is applicable to Plaintiff's Complaint in that the treadmill was manufactured, sold and purchased after July 4,1975, and costs in excess of ten dollars ($10.00).

103. Plaintiff's purchase of the treadmill was accompanied by written warranties for any non-conformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the purchase of the treadmill and take remedial action free of charge to Plaintiff with respect to the treadmill in the event that the treadmill failed to meet the specifications set forth in said undertaking.

104. Said warranties were the basis of the bargain of the contract between the Plaintiff and Defendant for the sale of the treadmill to Plaintiff.

105. Said purchase of Plaintiff's treadmill was induced by, and Plaintiff relied upon, these written warranties.

106. Plaintiff has met all of Plaintiff's obligations and preconditions as provided in the written warranties.

107. As a direct and proximate result of Defendant's failure to comply with its express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff is entitled to bring suit for such damages and other equitable relief.

## FIFTH CAUSE OF ACTION

**Breach of Implied Warranty In Violation of the Magnuson-Moss Warranty Act**

**(15 U.S.C. § 2310, *Et Seq.*)**

108. Plaintiff incorporates by reference each allegation set forth above.

109. The alignment purchased by Plaintiff was subject to an implied warranty of

merchantability as defined in 15 U.S.C. § 2301(7).

110. Defendant is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

111. Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Defendant has entered into a contract in writing within ninety (90) days of purchase to perform services relating to the maintenance or repair of a treadmill.

112. Pursuant to 15 U.S.C. § 2308, Plaintiff's treadmill was impliedly warranted to be substantially free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary purpose for which the treadmill was intended.

113. The treadmill was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the treadmill contained in the contracts and labels.

114. The above described defects in the treadmill render the treadmill unfit for the ordinary and essential purpose for which the treadmill was intended.

115. As a result of the breaches of implied warranty by Defendant, Plaintiff has suffered and continues to suffer various damages.

## MISCELLANEOUS

116. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## PRAYER FOR RELIEF

117. Plaintiff, on behalf of himself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendant, at their own cost, to notify all Class

Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable from being induced to call Defendants under false pretenses;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

**REQUEST FOR JURY TRIAL**

118. Plaintiff requests a trial by jury as to all claims so triable.

Dated: June 8, 2022                    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: *Todd M. Friedman*
TODD M. FRIEDMAN, ESQ.

Attorneys for Plaintiff