UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-4687-DMG (SKx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | *Matthew Treinish, et al. v. iFit Inc., et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12]**

**I.
BACKGROUND**

On July 8, 2022, Defendant iFit, Inc. d/b/a Nordictrack removed a class action complaint filed by Plaintiff Matthew Treinish from the Los Angeles County Superior Court. [Doc. # 1 ("Notice").] In his complaint, Treinish alleged several claims related to an alleged breach of warranty in NordicTrack treadmills, some of which had a defect causing them to suddenly stop while running at full speed. Compl. ¶¶ 15–21 [Doc. # 1-1]. Treinish brings this action on behalf of the following putative class: "[a]ll consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Class Products, and had that Class Product come to a complete stop while it was running, and would not turn back on." Compl. ¶ 23.

The purported basis for Defendant's removal is that the Court has diversity jurisdiction under the Class Action Fairness Act ("CAFA") because (1) there are at least 100 putative class members; (2) the amount in controversy exceeds $5 million dollars; and (3) any proposed class member and any defendant are citizens of different states. *See* 28 U.S.C. §§ 1332(d)(2), 1453. Ntc. at 4–5.[1] On August 5, 2022, Plaintiff filed a motion to remand this action ("MTR") back to the Superior Court. The motion is fully briefed. [Doc. ## 12, 20 ("Opp."), 24 ("Reply").] The Court held a hearing on October 3, 2022. Having duly considered the parties' arguments, the Court **DENIES** the motion.

//
//
//
//

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-4687-DMG (SKx) | Date | October 3, 2022 |
| Title | *Matthew Treinish, et al. v. iFit Inc., et al.* | Page | 2 of 7 |

## II.
## LEGAL STANDARD

CAFA affords district courts jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Pursuant to 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed there.

If a complaint does not specify a particular amount of damages and the plaintiff challenges jurisdiction after removal, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Ibarra*, 775 F.3d at 1197, 1199 ("Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."). Even so, there is no antiremoval presumption in cases involving jurisdiction under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

In cases where the amount of damages sought is not clearly alleged, a district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[R]emoval 'cannot be based simply upon conclusory allegations where the [complaint] is silent'" as to the amount of damages. *Id.* (quoting *Allen*, 63 F.3d at 1335). Further, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra*, 775 F.3d at 1197. When the complaint is silent as to the amount demanded, as here, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.*
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-4687-DMG (SKx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | *Matthew Treinish, et al. v. iFit Inc., et al.* | Page | 3 of 7 |

## III.
## DISCUSSION

### A.   Amount in Controversy

Treinish does not dispute that he is diverse from iFit or that his putative class is large enough to satisfy CAFA's 100-member minimum. MTR at 6. He only challenges iFit's assertion that the amount in controversy for the claims belonging to the putative class members exceeds the $5 million jurisdictional threshold for CAFA jurisdiction. *Id.*

Defendant's Notice of Removal contends that the amount put at issue by Plaintiff's allegations "potentially encompass[es] all sales of NordicTrack brand treadmills to consumers in the United States between June 8, 2018. . . and the present." Ntc. at 8. NordicTrack reports $60 million in sales of just the same model treadmill purchased by Plaintiff, well over the $5 threshold CAFA requires. Decl. of Nick Kriz in Support of Def.'s Ntc. ¶ 7 [Doc. # 1-4 ("Kriz Decl.")]. Plaintiff attempts to cast a much narrower net, arguing, *inter alia*, that the amount in controversy requirement only applies to sales of NordicTrack brand treadmills that experienced the same malfunction. MTR at 10.

Plaintiff's authority is unpersuasive. He does not cite any caselaw in the context of a consumer product class action that supports his argument that the Defendant cannot cite the entire $60 million sales figure in asserting the amount in controversy absent evidence to the contrary. *See* Ntc. at 6–7; MTR at 11–12. His reliance on *Snow* is unavailing, because *Snow* is distinguishable on its facts and rationale: it is a wage-and-hour case where the information needed to support the amount in controversy allegations was available at the pleading phase through readily accessible employer records. *See Snow v. Watkins and Shepard Trucking, Inc.*, No. CV-18-2206-DMG (SPx), 2019 WL 1254571, at *3 (C.D. Cal. Mar. 18, 2019). *Snow*, in turn, relies heavily on *Ibarra*, another wage-and-hour case which included a table with a comprehensive listing of all relevant employee data, presumably from some kind of report generated by the employer's payroll system. 775 F.3d at 1198; *see also Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 983 (C.D. Cal. 2014) ("in evaluating whether a party has met its burden of proof with respect to jurisdiction, several circuits have held that it is proper for district courts to consider which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met").

As Defendant points out, this case is more like *Lewis*. *See* Opp. at 13. Indeed, *Lewis* is a consumer product class action in which the court relied on amount in controversy evidence authenticated through the declaration of a company employee alleging the full sales numbers, not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-4687-DMG (SKx)** | Date | October 3, 2022 |
| Title | ***Matthew Treinish, et al. v. iFit Inc., et al.*** | Page | 4 of 7 |

just the number of consumer sales impacted by the alleged harm. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). In *Lewis*, the panel held that Verizon's showing that the total billings exceeded $5 million constituted the amount in controversy because the plaintiff did not attempt to demonstrate that the claimed damages are less than the sales total. 627 F.3d at 400. The same is true in this case. iFit has provided a similar affidavit as "real evidence" of the amount alleged. *See, e.g.*, *Ibarra*, 775 F.3d at 1199. Treinish submits no such affidavit or any other evidence to contradict the amount in controversy evidence submitted with iFit's Opposition.

The only specific anchoring number alleged in Treinish's complaint is his demand for a refund on the full purchase price of the treadmill, including all collateral charges and finance charges. Compl. ¶ 88. He provides no information with respect to the number of consumers who suffered damages from the breach of warranty as alleged. By contrast, iFit has provided evidence that the average price for such a treadmill during the relevant time period is $2,580.82. Kriz Decl. ¶ 9. Based on that number, iFit provides evidence that its sales in the relevant period in California alone of *just the specific treadmill model* at issue total approximately $8,053,739,31. *Id.* at ¶ 10. Adding the attorneys' fees demand and the potential civil penalties available under the Song-Beverly Act, the number is much higher. Opp. at 18.

Absent any factual allegations from Plaintiff that justify reducing that number, or caselaw from an analogous context, the Court finds that iFit has met its burden to prove that there is a sufficient amount in controversy to uphold CAFA jurisdiction in this case.[2]

**B.      Remedies under the UCL**

Plaintiff also argues that this Court lacks federal equitable jurisdiction over his UCL claims and thus the case must be remanded to state court or, at minimum, the claims must be split. MTR at 1; Reply at 6. The Court accepts Treinish's concession that he lacks an adequate remedy at law. Even so, remand is not the proper procedure with which to dispose of this claim. If there is no federal equitable jurisdiction over Plaintiff's UCL claim, Defendant is free to file a motion to dismiss under Rule 12 to dismiss the claim without prejudice to refiling in state court, or to stipulate to remand if it prefers not to litigate the claim in two forums.

This question arises in this case because Treinish pleads a claim for injunctive relief and restitution under the UCL. Compl. ¶ 55. The Ninth Circuit has held that "[t]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of

---

[2] Since CAFA jurisdiction exists, the Court does not reach the parties' arguments on supplemental jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-4687-DMG (SKx) | Date | October 3, 2022 |
| Title | Matthew Treinish, et al. v. iFit Inc., et al. | Page | 5 of 7 |

legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Sonner v. Premium Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Thus, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* In this case, Plaintiff argues that he did not, and could not have, pled that he lacks an adequate remedy at law, and thus this Court lacks equitable jurisdiction over his UCL claim. MTR at 15. And *Sonner* leaves no room for alternative pleading of both the restitution and damages claims. *Cf.* Fed. R. Civ. P. 8(d)(2) (alternative pleading of claims permitted).

*Sonner* makes clear that the key question on whether Treinish has sufficiently pled that he lacks an adequate remedy at law is whether damages would fail to make him whole. 971 F.3d at 844. He has not. Any restitution available to him under the UCL would provide just "the money obtained through an unfair business practice," or the price paid for the defective treadmill. Ntc. at 8 (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144–45 (2003)). There is nothing in his complaint suggesting that a damages award, in lieu of restitution, would fail to make him whole. *See Antonyan v. Ford Motor Co.*, CV-21-0945-DMG (RAOx), 2022 WL 1299964 at *6 (C.D. Cal. 2022) (same); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908 (N.D. Cal. 2021) (same); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV-20-769-CJC (GJSx), 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (same); *see also In re MacBook Keyboard Litig.*, No. CV-18-2813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) ("Because Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury.").

Nor does Treinish provide any explanation regarding why monetary damages would not provide nearly identical relief to any injunctive relief sought, which is namely to honor the warranty (and refund the cost of the treadmill). Compl. ¶ 55; *Sharma*, 524 F. Supp. at 908–09. Without any explanation for "how the same amount of money for the exact same harm is inadequate or incomplete," and "[anything] in the record [that] supports that conclusion," there is no equitable jurisdiction over Treinish's claim in federal court. *Sonner*, 971 F.3d at 844.

The remaining question then is whether Treinish can seek remand of his case solely because the Court lacks equitable jurisdiction to hear his UCL claim. Plaintiff's MTR cites title 28, section 1447(c) of the U.S. Code as the basis for his motion: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-4687-DMG (SKx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | Matthew Treinish, et al. v. iFit Inc., et al. | Page | 6 of 7 |

Section 1447(c) does not provide an adequate legal justification to remand this case. Equitable jurisdiction is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim. *Guzman v. Polaris Indus. Inc.*, No. 21-55520, 2022 WL 4543709, at *5 (9th Cir. Sept. 29, 2022); *see also Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975) ("the question of equitable jurisdiction, [is] a question concerned, not with whether the claim falls within the limited jurisdiction conferred on the federal courts, but with whether consistently with the principles governing equitable relief the court may exercise its remedial powers").

Thus, even if the federal courts lack equitable jurisdiction over Treinish's UCL claim, this is is not a proper basis to grant Plaintiff's motion to remand. Plaintiff seems to acknowledge this distinction by citing *Sonner*'s *dicta* that the existence of equitable jurisdiction is similarly "a threshold jurisdictional issue" and therefore also a basis for remand. MTR at 4; 971 F.3d at 839. But this line in *Sonner* does not justify remanding this case, because CAFA provides subject matter jurisdiction here. Plaintiff asserts that remand is necessary because Defendant's argument requires a holding that CAFA "replace[s]" equitable jurisdiction, but that is an argument that can be made on the motion to dismiss. The plain language of section 1447(c) only authorizes remand for lack of subject matter jurisdiction.

It is true that several post-*Sonner* district courts have relied on its holding to dismiss—and even sometimes remand—UCL claims for lack of equitable jurisdiction, including in the context of CAFA jurisdiction. In one such case, *Naseri v. Greenfield World Trade, Inc.*, a court in this district held that "*Sonner*'s conclusion—that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA because Sonner failed to establish that she lacked an adequate remedy at law—shows that federal courts *may* exercise jurisdiction over equitable claims under the UCL and CLRA." No. CV-21-1084-CJC (KESx), 2021 WL 3511040, at *1 (C.D. Cal. Aug. 10, 2021) (emphasis added); *see also Lopez v. Cequel Commc'ns, LLC*, No. CV-22-2242-TLN (JDPx), 2021 WL 4476831, at *2 (E.D. Cal. Sept. 30, 2021) (same). But *Sonner*, like the instant case, addresses a situation in which the plaintiff has not sufficiently alleged she lacks an adequate remedy at law. 971 F.3d 844. Nothing in that decision prevents a federal court from exercising jurisdiction over equitable claims under the UCL and CLRA with different factual and legal allegations. *Cf. Ostrovskaya v. St. John Knits, Inc.*, No. CV-21-3243-DMG (PVCx), 2022 WL 2102895, at *5 (C.D. Cal. Mar. 31, 2022) (denying motion to dismiss because plaintiff sufficiently showed "how restitution—her only available remedy under the FAL—'would be more certain, prompt, or efficient than the legal remedies' available under the CLRA") (citing *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-4687-DMG (SKx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | *Matthew Treinish, et al. v. iFit Inc., et al.* | Page | 7 of 7 |

The single case remanding UCL claims in lieu of dismissal involved a situation where only the equitable claims remained, and therefore remand was the only option for those claims to be heard at all. *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 878 (N.D. Cal. 2021). Still, the result in *Guthrie* did not flow from section 1447's remand authority for lack of subject matter jurisdiction. *Id.* Instead, it points to caselaw allowing courts to remand when federal abstention doctrine would require them to stay or dismiss the case if filed in federal court originally. *Id.* This is a key distinction from the instant case, in which there is valid CAFA jurisdiction.

The Court agrees with Plaintiff that *Sonner* may have created an inefficient system that results in potential claim splitting, and federal and state courts reaching different results on the same claim. *See Guzman*, 2022 WL 4543709, at *6. But this Court has no authority to go against *Sonner*'s directive out of fears of judicial inefficiency. If the parties wish to avoid that drain on their and the court's resources, they might be wise to stipulate to a remand and avoid briefing the motion to dismiss the UCL claim. But on this motion, the case cannot be remanded for lack of equitable jurisdiction over Treinish's UCL claim.

Accordingly, Plaintiff's MTR is **DENIED**.